the fourth district appellate court of the state of illinois has now convened the honorable peter c cavanaugh presiding good afternoon we'll call case number 4-23-1162 the people of the state of illinois versus philip anglin counsel for the appellant will you please state your name allison golish thank you and for the appellee jamie bella thank you miss golish you may proceed good afternoon your honors counsel may it please the court my name is allison golish and i represent mr philip anglin in this appeal today i will focus on issues one two and four the sufficiency issue counsel's ineffectiveness for failing to impeach the confidential informant seth rich and the sentencing errors i do not plan to discuss issue three but i'm prepared to answer questions on that issue beginning with issue one the evidence was insufficient to prove mr anglin was guilty of delivery of a controlled substance as there was no delivery between anglin and rich in this case the statute defines delivery as the transfer of possession of a controlled substance people versus kid in the second district lets us know that the mere physical transfer of a controlled substance does not necessarily qualify as a legal delivery under the statute this is because if two or more people jointly and simultaneously possess a regardless of whether that possession is actual or constructive possession then there can be no delivery between those people this is so i have some questions for you about your argument that the prosecutor's argument was improper and reversible error and am i correct that we're asked to review that as plain error because no objection was made you are correct your honor for that first um part of the argument that there was a misstatement of the law the misstatement of the fact was so we have to find uh the error was clear obvious for plain error to apply is that correct yes your honor okay uh did the parties stipulate in this case that the substance the police recovered was more than 15 grams of cocaine yes your honor okay so we know a crime was committed and uh on the counter was stopped in which the cocaine was found uh was the defendant in seth rich and who was the third party the third party was a man named mauricio um there's not a lot of information on the record about him but he was the backseat passenger would it be correct to say on this evidence that uh either the defendant or mr rich committed this crime based on this evidence the possession of the cocaine um would be any of the three in the car well it's it's in other words it's it's one of those two isn't that your honor we know a crime has been committed and based upon the testimony of the defendant and the testimony of mr rich uh it's one of those two who committed the crime isn't that right your honor because seth rich is a confidential informant in this case his possession of the cocaine would not be a commission of a crime well according to your client however he's the person who had the cocaine and uh wasn't your client who committed the crime isn't that right correct the person that delivered that committed the delivery offense in this case would be the dealer if we're talking about simple possession of the cocaine then um based on the evidence and the issues in this case we would say that there would need to be a new trial to determine possession and the facts there because of the way that the trial errors impacted the trial and your client testified and he explained uh how in his view what happened and how he wasn't guilty of anything and essentially this was a setup by mr rich is that right correct okay um in arguing that uh prosecutor's closing argument was improper you cite uh the yunker case in from the first district and the yunker case has these two uh quotes in it uh first is from people for pecker peck oraro which yunker says this in that case the prosecutor told the jury that if it found defendant was not guilty it was finding that the state's witnesses were unbelievable the court held that because the defendant's version of the events differed considerably from the state's the comments were not prejudicial uh um does that apply in this case didn't your client's version of events differ considerably from the state's it does your honor and is it permissible under these circumstances for the state to argue that your client was not believable it is permissible for the state to argue that my client was not believable that mr ann wasn't however it's not permissible for them to tie that credibility determination to guilt which they did several times throughout the closing argument and rebuttal now here's the other quote from the yunker quoted the uh supreme court petition of people b phillips uh saying this this court has never said or implied that once a defendant does present certain evidence it is beyond the reach of appropriate comment by the prosecution there's a great deal of difference between an allegation by the prosecution that the defendant did not prove himself innocent and statements questioning the relevance or credibility of a defendant's case not every prosecutor prosecutorial statement questioning relevance or credibility rises to an impermissible shifting of the burden was there any claim in this case by the prosecutor that the defendant did not prove himself innocent yes your honor the prosecutor used those words he said but think of where seth rich's mind was at and the perspective he had again in order to believe this defendant to find him not guilty you would have to believe that seth rich framed this defendant and somehow pulled one over on all the police and their efforts as well that's on that you're saying that the prosecutor argued that the defendant had to prove himself innocent i'm saying that the prosecutor argued that you have to believe the defense theory of the case in order to find him not guilty isn't that back true no your honor you can find let me go ahead and see that's why i asked the question to the order i did um if the jury doesn't believe the defendant's version of events then how are they going to find him not guilty given the given his rather uh odd story because your honor there could be more than one person that the jury doesn't believe in this case the jury could not believe mr anglin but it could also not believe seth rich or it could believe rich but not beyond a reasonable doubt and find that the state proved a reasonable doubt this case doesn't hinge on the credibility of mr anglin my client it hinges on the credibility of rich so that is if your client choose to testify why can't the jury look at his testimony and view him as an abject liar insulting their intelligence with his jack and bull story and why can't the jury based upon that in consideration of all the other evidence in this case find them guilty your honor the burden doesn't shift to the defendant just because the defendant chooses to testify that excuse me when he lies in the jury even when he lies he can be a liar and still not guilty of delivery in this case both things could be true so it's an it's improper for the state to point out he's lying it is not improper for the state to point out he's lying your honor it is improper to say because he's lying that means you have to that's not the burden in your brief you quote uh some of the state's argument as follows so to believe this defendant so to believe this defendant believe that seth rich framed them for this event occurring on november 28th and this defendant's role in that event uh i would argue is not reasonable is that permissible argument it isn't permissible argument if the state as it did in this case started the burden council i choose my words let me repeat my question is it permissible argument to say so to believe this defendant believe that seth rich framed them for this event occurring on november 28th and this defendant's role in that event i would argue is not reasonable is that your honor that alone would be permissible argument but it has to be taken the next sentence following it is and i would ask that you reject that argument and find them guilty the following sentence makes the previous one improper the following and the preceding sentence within that rebuttal taken in the context of the whole rebuttal which this court must do the state says that the burden here is proof beyond a reasonable doubt it then says nothing the defendant said was reasonable therefore you should reject the defense theory of the case and find him guilty all of those things in conjunction are burden shifting and that's the issue in this case we can't keep talking about burden shifting uh for instance the primary case was import these banks but it didn't testify doesn't the defendant's testifying and coming up with this ridiculous story change the evaluation so that the defense the prosecutor would really have to say he didn't burden of proof before the argument becomes improper your honor i'm not sure that i understand your question but i would maintain that a defendant testifying doesn't change the burden of proof which is on the state go ahead counsel just to preserve time you've done a fine job answering the questions i understand your position burden shifting but did you want to at this point discuss the failure to object timely the failure to object timely with regard to the misstatement no your honor we raised it under first prompt plain error so we contend that it is closely balanced in this case because everything turns on riches okay yeah yeah you're right continue i'm sorry no worries thank you your honor if i may return to argument one if there are no further questions on issue three so here as we were discussing the rule is that if there are two or more people that are jointly and simultaneously possessing a substance then there can be no delivery between them you can't redeliver to someone who already has possession and that's why the there was no delivery in this case and the conduct should be reduced to the lesser included it's because both parties rich and england jointly and simultaneously possessed the cocaine at the outset and so there could be no between the two of them if there are no questions on that issue i can turn briefly to issue two issue two council was ineffective in failing to cross-examine rich on his 2023 methamphetamine charge the state agrees that riches testimony was critical in this case highlighting that rich was the only witness that claimed the dealer handed the cocaine directly to england yet the state claims it was reasonable for the defense council to forego impeaching rich with pending methamphetamine charge because that would open the door for the state to rehabilitate rich with his prior consistent statement we would just point out that this argument misunderstands the facts for two main reasons first nowhere in the police report that the state cites to you on common law record page 113 and 114 does it state that rich told the police the dealer handed the cocaine directly to england in fact the police report is entirely silent about england's alleged possession of the cocaine so accepting that this critical fact whether or not england was ever in actual possession of the cocaine it was the determining fact in this case and the credibility of rich is critical here council should have presented evidence that he had an additional 2023 methamphetamine charge in order to establish a motive to lie a bias an interest that didn't happen here and that was unreasonable assistance in this case second even if those statements were in the police report or there was anything in the police report that could be used to rebut this presumption this wouldn't be inconsistent with defense counsel's theory which was that rich from the beginning was trying to manufacture some sort of drug deal in order to receive leniency in his own case and this additional 2023 case would be further supporting evidence to counsel's theory the impeachment value of that was significant and any any diminishing of that from any prior statements would not have been such that it would have been unreasonable to bring that forward as such counsel was ineffective for failing to use the pending methamphetamine charge to impeach set rich if there are no questions on that argument i will conclude with the issue for the sentencing issue so lastly as to issue for the 30-year sentence in this case that was imposed was excessive there are three main reasons as we discussed in the brief that resulted in an sentence in this case first it was disproportionate to the conduct in this case which was mr anglin handing his friend a small bag of cocaine the most important factor is the seriousness of the offense this is well established here the court did not take excuse me the court did not properly take into account the nature of the offense when imposing this sentence the legislator already accounted for the seriousness of a delivery offense generally when it created it as a class for this range of cocaine the circuit court um has to fashion an appropriate sense within that range but the legislator made it clear in their legislative intent statement that the higher end of the range should be for these bigger drug traffickers who are trafficking frequently in these big amounts and to the extent this court doesn't believe uh doesn't agree with issue one at the very most mr anglin here was an occasional petty distributor who the legislature says should have a sentence that's more on the lower end of the range um an offense it's it's significant to note that offense is not uh the statutory offense in the abstract but it's the offense that's committed by the defendant it's the particular facts and circumstances of the defendant's um conduct and here the conduct was him going with this confidential informant to pick up drugs from someone who was other than him who was the dealer who was the one that ended up with the money not mr anglin the court also took it one step further not only failing to consider the actual conduct in this case but then considering facts that were not in evidence by saying that mr anglin was quote harming the whole community bringing drugs back into this community there's no evidence to establish that these drugs were going to go anywhere in the community um there's no evidence to establish that anglin intended them to go anywhere in the community and in fact they end up with the police not with the community so it was improper to enhance his sentence on this basis i would point this court to people versus daily which deals with an analogous issue about using facts that are not actually part of the conviction in order to enhance the sentence third and lastly the court did not consider the fact that rich induced and facilitated this offense which is a statutory mitigating factor this is also the point where i think counsels and in this case but it's apparent from the facts that rich asked anglin to help him set him up with anglin's dealer rich then drove them to the drug deal he supplied the money for the cocaine so it was conduct that was induced and facilitated by another person that factor should have been considered by the court and the court in saying there were not many mitigating factors in fact the only one that she found was his addiction which she didn't consider a mitigating factor is affirmative evidence in the record rebutting any sort of presumption that she did consider the proper mitigating factors in this case so the court failed to consider the nature of the offense especially when evaluating the aggravating and mitigating factors that imposed an excessive sentence because of that counsel's failure to bring this to the court's attention correct these misconceptions and argue this factor in mitigation was deficient performance prejudicing excuse me prejudicing mr anglin and as such this court should either reduce mr anglin's sentence as under rule 615 b or remand for a new sentencing hearing with competent counsel just by way of brief review um since there are a lot of issues here in this case i will just to kind of recap first the evidence was insufficient to prove mr anglin delivered the cocaine and his offense should be reduced to the lesser included offense that's a class one for possession of a controlled substance second counsel was ineffective for failing to impeach rich with his 2023 methamphetamine charge unless anglin should receive a new trial on that lesser included offense this would not be in the alternative situation third as discussed in the briefs and thoroughly with justice steigman at the outset of this argument the prosecution's misstatements of the law in this case and the facts deprived mr anglin of a fair trial and finally mr anglin's sentence was excessive and should be reduced or remanded for a new sentencing hearing if your points in rebuttal okay hearing no questions y'all time and rebuttal counsel for the appellee good afternoon your honors may it please the court my name is jamie bella on behalf of the people of the state of illinois there are four issues in this case um i would like to begin first with the ineffective assistance of counsel issue primarily because the issue in uh or the first issue regarding the coots case um uh plays a role in the other three issues as far as the arguments as they're set forth by the defendant in history so turning to the issue of ineffective assistance of counsel the state position regarding this issue is that this was not ineffective assistance of counsel because primarily in in the first position the the decision itself regarding whether to impeach a witness is considered a matter of trial strategy and in over in failing to overcome the the presumption that the attorney's conduct was objectively reasonable um the the fact that the strategy the particular strategy the defendant argues counsel was ineffective for failing to pursue um as far as impeaching rich the confidential informant with his 2023 arrest for drug delivery i believe um was ineffective because it would have shown a motive to fabricate his testimony um however because that arrest in particular happened after the arrest in this case any statement that rich made on the day of the arrest when he spoke to the police and debriefed them after the traffic stop um would have uh given the state grounds to move to admit his prior consistent statement which would have further um supported richest testimony and enhanced his credibility in that sense so to undertake that that type of strategy would not have been consistent with the objectively reasonable standard um i i understand counsel's argument that in the reply brief that the the statement um would not have been admissible because rich's motive to lie predated his statement to police that argument in the reply brief is different however from the the argument that the the motivation to lie in his testimony was because of this 2023 conviction or arrest it was not a but because that that particular arrest happened after he made the statement to police that prior consistent statement would have been admissible the defendant's reply brief argues that the actual motivation to lie now is his service as a confidential informant which began in 2020 um and that then brings up a relevance question what the 2023 arrest has to do with his service as a confidential informant when his arrest at that time back in 2020 is what led to his desire and an actual um service of becoming a confidential and serve uh informant in the first place so his act of becoming a confidential informant was motivated by his 2020 arrest rich angler philip anglin was arrested in 2022 the 2023 arrest wouldn't have motivated his desire to become a confidential informant but if that if that arrest had motivated his desire to remain a confidential informant or to gain additional leverage it wouldn't have been in relation to the statement that he made at trial because that statement was memorialized in the officer's report in 2020 four months before that arrest even occurred so it's impossible just as a matter of pure logic that he was motivated by something that happened four months later on the day of arrest on november 28 2022 so that four month difference it kind of dispenses with the idea that there was any grounds to argue that his his arrest in 2023 motivated a lie at trial in the defendant's opening brief it is actually structured the way it's presented is the arrest or the 2023 arrest of rich happened on in march 27th of 2023 and his trial testimony was on june 20th 2023 so the testimony happened after the arrest but then in the reply brief the argument then changes character to become no the motivation was actually not the arrest it was his being a ci so um i think that that is waived um uh so even however even if that specific argument were to be considered on its merits the defendant's reliance in the reply brief on the mcwhite case doesn't help because in that case the the the particular impeachment that the count that defense counsel pursued was a put an impeachment by omission but the trial court in ruling and granting um the state's request to offer a prior consistent statement when the when the judge allowed it the judge said that it was a prior consistent statement intended to rebut the charge of fabricated testimony which was unrelated to what the trial count the defense counsel in offering that evidence in the first place what so the court on on review looked at the specific testimony and then the prior consistent statement the consistent statement was made during the preliminary hearing um and in other arrest reports but in the vice report itself which was used at trial by defense counsel to do an impeachment by omission said that the the police observed the defendant retrieved drugs from a so the case uh what would be the downside from defense counsel's attempting to elicit information about the arrest uh in this case or in the in the mcwhite case in in in this case the 2023 arrests happened after rich debriefed the police officers when they arrested the defendant and that that statement was memorialized in the officer's report so by impeaching rich and bringing up his 2023 arrests during his testimony he would have uh if counsel had pursued that then the state would have then tried to uh admit the officer's report showing that prior to this arrest he made the same statement by doing that by now that that statement itself the arrest report and the statement the prior consistent statement would have been inadmissible because it can't be offered to to support the the testimony of rich at trial but if counsel had had raised the charge of a recent fabrication by arguing or presenting evidence and impeaching him with the conviction in order specifically the defendant's argument is that she should have done that for for the specific purpose of establishing that rich was motivated to lie so by by saying he was motivated to lie because of this 2023 arrest then the state showing the arrest report that happened before the arrest where the statement was similar would have first of all allowed the state grounds to admit that statement and that statement would have supported rich's testimony and offered you know would support his credibility in his statement and then bolster his testimony so the point of view of the defendant wouldn't those circumstances have served to dirty up rich somewhat maybe in the eyes of the jury yes i believe and and that's the kind of the crux of the defendant's argument is that counsel should have done that in order to dirty up rich but in the act of doing that would have given the state or opened the door for the state to rehabilitate him with his prior consistent statement which would have been demonstrate that he's not as dirty as the defense was trying to show at least right and and to the extent that there's any evidence that he's dirty it wasn't related to this 2023 arrest and the record shows that the counsel wasn't just unaware of the statement because the defendant even in his post-trial his pro se motion the one that he filed himself after trial specifically pointed out that he wrote on a yellow pad in front of counsel repeatedly to to bring up this 2023 arrest um so it's not the counsel wasn't aware overlooked it or neglected the case it was simply um she she chose to not pursue that testimony and that's that's the kind of a trial strategy decision that rests with defense counsel and in order to overcome that the presumption that she was acting reasonably um it's kind of a high bar to get over and i think just the the fact that she didn't bring it up does not get over that that bar and if the fact that he was a confidential informant somehow motivated a lie um that evidence was already in trial rich had already testified at that point that he was serving as a confidential informant that his service as a confidential informant began with an arrest in 2022 and the defense counsel questioned him about or i think maybe the state questioned rich specifically about whether he was um offered anything in return for his testimony and he said no now if counsel had gone a step further and tried to bring in this 2023 statement it wouldn't have disrupted any of that other evidence but it would have given the state grounds to bring in some serious support test uh evidence of riches testimony which would only have bolstered it even if there was even if there could be an argument that she could have done either the question in an ineffective assistance of counsel is whether any reasonable attorney would would decline to pursue the strategy counsel and i don't think it's reasonable that that you couldn't find attorneys that would say that's not a smart decision um and it would be justified in saying that because allowing the state or even giving the state an attempt to bring in this prior consistent statement to bolster riches testimony would have been unreasonable she could have taken that risk but i think it the fact that it's a risk maybe the judge would have overruled the state's attempt to bring in that prior consistent statement but that would have been a risky move on counsel's part and it was not ineffective assistance of counsel for her to opt not to go down that path so i think for those reasons the state would request that this court declined to find that counsel was ineffective for not pursuing this particular arrest uh and if there are no questions with regard to to uh that issue too though move on to the first issue regarding the element of delivery so the defendant's position is that there is no evidence that there was a delivery in this case because essentially that were in joint possession so he was a joint possessor not a deliverer and because rich and defendant went to yorkville together they were in riches car the cocaine was purchased from the car and both the defendant and rich were inside the car so because of those reasons then the then both parties jointly and simultaneously acquired the cocaine and uh the defendant relies on the coots case i think it's important to note some of the the distinctions and similarities with the uh coots case that don't support this argument so in in coots this was a um the the defendant's friend was found dead in a hotel room due to the effects of consuming heroin um the evidence showed that they they got together spent the night at the hotel the next day they left together in a taxi and went to an atm machine and then they returned back to the hotel the taxi driver then picked the defendant up later alone and then they left um but the the defendant in her statement to police said that when the dealer brought the cocaine she put it in her pocket she gave the victim a coffin coffin um one bag of heroin he took the heroin but then was complaining that he wasn't high enough and he wanted to do more but the defendants told the police that she was not planning when he began to ask her for more of the heroin she refused to give it to him um and had it in her pocket but eventually because the the victim continued to pester her about more of the heroin she ultimately decided okay you're a grown-up you can have it if you want it and gave it to him and she also supplied the needle but the issue that the defendant raised on appeal were actually two issues the first one was the sufficiency of the evidence argument similar to the argument that the defendant's raising in this appeal the other was that defense counsel was ineffective for failing to request an instruction on the on the definition of delivery so when the defense um when the when the court considered this issue under the swiderski rule swider swiderski rule they found as far as the ins the sufficiency of the evidence even under the facts of that case the irrational jury could have found that she was in possession and delivered the cocaine because she had the cocaine or the i'm sorry the heroin in her pocket and exercised exclusive control over it which was evidenced by the fact that the the victim only obtained the heroin that killed him when she decided to ultimately hand it to him as along with the needle that he used to inject it but on the ineffective assistance of counsel that's where the court reversed that they because the jury was not instructed on delivery they could have found in favor of defendant instead and in the absence of that that instruction made it more likely that they gave more weight to the definition of delivery than they would have otherwise given had they had the instruction so the the court was not um did not reverse on the sufficiency question they reversed on um the question of whether counsel counsel's failure to pursue or ask for a jury instruction on the definition of delivery in this case the jury was instructed on delivery and there's no argument that counsel was in effect ineffective for failing to properly instruct the jury this case is specifically related to the sufficiency of the evidence and even under under coots not swiderski under coots the court found that even that evidence was sufficient so in this case the evidence showed that they went together rich gave the money to the defendant the defendant gave the money to the dealer the dealer gave the coke cocaine to the defendant and then the defendant gave the cocaine to rich rich then instructed them to put the cocaine in the cubby in the back seat the defendant says that they used the cocaine together before they left and rich says that they did not later in his testimony the defendant backed up and said no rich was smoking methamphetamine out of a pipe that he had with him now that is a very serious credibility problem because the the police the testimony and the evidence establishes that rich's vehicle and his person were searched twice there was no meth pipe found there was no methamphetamine found there were no drugs all this was before they went to yorkville so the the question itself that underlies this claim would suggest that the defendant was a joint possessor and that they used this this cocaine together but then later he completely reverses on that statement and says it was methamphetamine and that rich was smoking it so but when rich took the cocaine had it put in the cubby in the back seat rich says he declined when the defendant said he wanted to use some of the cocaine the defendant says that they did that's a credibility question that doesn't mean under under coots that they were joint users or that they they acquired this cocaine for the purpose and the intent to use it together the defendant points out repeatedly that it was rich that did this the defendant gave it to rich and but what defendant's intent was is not the does not the sole question the question is what the transaction itself and in this case there's no question that rich did not acquire this cocaine with the defendant because they plan to use it together even if defendant could could argue that that was his plan the the question of joint possession it involved it includes and it says specifically um it is limited to would-be users who jointly and simultaneously acquired jointly together they they acquire it together for the purpose of using it together so that suggests that the intent of both parties whoever has joint possession that there was no intent for him to take possession of it from the defendant and then control what happens to it so by putting it in the cubby and telling defendant no you can't we have to put it in the cubby and and defendant recognized that authority and that control because otherwise if they were equal and and and they both jointly and and and had control of this then defendant would have pushed back and say well it's half mine or but in this case the defendant implicitly recognized riches control over what happened to those drugs um with the the remaining the while turning to the sentencing issue if there's no questions regarding the coots case um the a lot of a large part of the defendant's argument regarding this depends on proving or or convincing this court that really all defendant did was take give a bag of cocaine to his friend but the the the record just doesn't support that and that would mean that you would have to support this idea that he was joint a joint possessor and not a deliverer in order to support the argument in the sentencing issue but overall his sentence as a class x was between 6 and 60 years his sentence of 30 years falls in the middle the the the reason that the the sentence was um extended was because of his prior record his arrest record it wasn't related to um the the specific factors so if the argument regarding the base statutory range of 6 to 30 in this case what would play into the question of his specific conduct but the state disagrees that the specific conduct we're talking about here is not delivery and the the fact that the police ended up with cocaine in the end does not dispense with the idea that delivery is harmful to the community if that were the case then no delivery charge that involves a a an informant and a controlled by would ever be able to result in a sentence related to delivery based on harm to the community and there's no question that these delivery offenses grow and and worsen the the drug endowment um i i believe i am out of time to address the closing argument issue but the state maintains that the prosecutor's closing argument um accepted that the state's burden of proof was proved beyond a reasonable doubt that the defendant was guilty of this crime the statement the defense council is relying on suggests um i my time has run um is it okay if i briefly conclude please um in closing the state um urges this court to affirm the defendant's conviction and sentence thank you your honors thank you council rebuttal your honors i'd like to respond to two points one for issue two um since council started with that issue and then also return to the sufficiency issue issue one as well to make it abundantly clear in this case this was not an accountability case accountability was never raised and it can't be as justice steigman writes in people versus johnson in 2013 that can't be something that happens now on appeal so anything that happened in the police report that talks about any sort of legally responsible aspects or facts for the dealer those wouldn't hurt the delivery case here or even necessarily go to the possession case here so none of the criminal conduct in this case because the key fact here is anglin's possession did he have actual possession of the cocaine at any time or potentially constructive possession but did he have actual possession that statement whether or not he was handed the cocaine that's not in the police report that's not on pages 113 to 114 in the common law record the police report that the state points to and so whether or not i have one clarification question on that point and is there any dispute that uh the defendant handed over the even if it was for the purpose of use or hiding isn't that an agreed-upon fact your honor i apologize if i made that unclear in the sufficiency issue we take the evidence in the light most favorable to the state so for the purposes of the sufficiency issue we accept that rich's testimony and version of events was true but it is a disputed fact when it comes to all the other issues whether or not anglin actually ever touched the drugs is a disputed fact and that's incredibly critical for this ineffective assistance of counsel case because as opposing counsel recognizes whether or not he handed the cocaine whether he was in that chain at all um is critical to whether or not there was a delivery in this case that involved anglin and his accountability for the dealer is just not enough to support this conviction in this case so potentially we would still argue that even if there were statements in the police report that said that anglin touched the cocaine that still wouldn't be enough to destroy the value of this impeachment evidence it wouldn't be a strategic decision to forego this 2023 methamphetamine can arrest especially given the fact that the state went and said that rich is just someone doing good deeds for the police he has no reason no motive to lie in this case none has been while it was incumbent upon counsel to establish every critical fact that would impeach rich who was a critical witness in this case and people versus my other question uh i wish to follow up on uh about are you raising the trial counsel's favor to cross-examine rich about the new methamphetamine charge as uh an instance of ineffective assistance of counsel are you not yes your honor okay uh there's two prongs involved in that uh analysis the first is uh have to show its deficient performance but the second which also has to be shown is prejudice which means that we would have to conclude that there's a reasonable probability that but for the error of not pursuing not revealing this arrest the outcome of trial would have been different now on this record how in the world could this seemingly minor matter which as i commented maybe can dirty up rich a bit but there's uh rehabilitative elements available as well how in the world could that be sufficient to uh establish a reasonable probability that the outcome would have been different had he pursued this line your honor it would be significant because of that critical fact that we talked about whether or not anglin actually ever possessed it and that's something that is only testified to by seth rich the police in this case did not see the transaction they just saw the dealer come to the door of the car so whether or not anglin participated in this delivery whether or not he possessed the cocaine at all whether or not seth rich just said he possessed the cocaine but really the dealer came and then they put it in the back cubbyhole anglin didn't even know what was going on you don't have to accept anglin's version of events to discount rich's version of events those two things it's not an either or situation as we discussed at length when we were talking about it originally the burden is on the state so the jury knowing that seth rich wasn't just doing this could decide that seth rich was not just doing good deeds if they knew that he didn't just have this 2020 methamphetamine conviction but he also had a 2023 methamphetamine arrest to show that he is continuing to interact with drugs not just as a police informant but in his personal capacity i see that i do not have um much time left so i will leave it at that um and rest on my briefs and the what i argued in the opening thank you counsel i just want to amend i thought you both did a nice job in oral argument was ghoulish and particularly i want to thank you for responding to my questions did a nice job of that and uh all too often this court doesn't get direct answers and you did a nice job thank you okay no further questions thank you thank you both the court will take this matter under advisement and is in recess